UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Keyu Long, etc.,

                Plaintiffs,

**AFFIRMATION IN SUPPORT OF MOTION TO WITHDRAW AND FOR LEAVE FOR SUBSTITUTION OF NEW COUNSEL BY PLAINTIFF**

        -against-                              1:22-CV-01293

Shunhuang "Peter" Zhuang, ACE Capital, LLC, et alia,

                Defendants.

------------------------------------------------------------x

Louis J. Maione, Esq., an attorney at law duly admitted to the Courts of the states of New York and New Jersey, and a member in good standing of the bar of the U.S.D.C. for the Eastern District of New York, under the penalties of perjury, pursuant to CPLR 2106, deposes and states as follows:

1. I am counsel to the Plaintiffs in this action, and have been *ab initio*.

2. This action was commenced pursuant to 18 U.S.C. §§1961 et sequitur.

**Background Facts**

3. The action, *inter alia*, is based in large part on a pattern of racketeering put in motion by the fraud and deceit of Defendant Peter Zhuang ("Zhuang") and others, perpetrated in large part through the facilities of defendant, ACE Capital, intending to damage Plaintiffs by engaging in a scheme or artifice to defraud, using the services of the United States mail and interstate electronic bank wire transfers to induce Plaintiff Keyu Long ("Adeline") to loan monies to Zhuang ostensibly for him to make personal loan to others, but which actually were utilized by

Zhuang to "day trade," as well as to purchase real property for himself and others in the enterprise in the greater New York metropolitan area, predominantly in Queens and Kings Counties.

**Procedural History**

4. For purposes of the instant Motion your deponent will only recount for the Court the pertinent procedural history.

5. On or about May 22, 2023, after Zhuang's counsel's request for a pre-motion conference in furtherance of filing a Motion to Dismiss the Complaint was denied the Court contemporaneously granted Plaintiffs the right to file an Amended Complaint ("Amended Complaint"), with Plaintiffs directed to file a "compared" together with the Amended Complaint. **(See Docket entries #s 31 through 35)**.

6. On or about December 19, 2023 Defendant Zhaung filed a Motion to Dismiss the Amended Complaint ("Motion") and, as of February 2, 2024 the Court's docket entry indicated that the Motion to Dismiss by Zhuang and the opposition by Plaintiffs was considered to be "…now fully submitted."

7. On April 11, 2024 the Court referred the Motion to the Honorable Magistrate Judge Taryn A. Merkl for a report and recommendation, with oral argument initially scheduled for June 11, 2024 at 2:30 in the afternoon.

**Necessity for the Substitution of Counsel**

8. After oral argument on the Motion to Dismiss was adjourned for reasons not germane to the instant application, the undersigned notified the Court of a potential conflict of interest of your deponent, Plaintiffs' counsel of record, and requested that the Motion to Dismiss be held in abeyance. **(Docket # 62).**

9. In turn, Magistrate Merkl ordered that the parties appear on the adjourned date of June 18, 2024, prepared to discuss the conflict issue as well as the Motion to Dismiss.

10. After a lengthy hearing on the issue of the apparent conflict, Magistrate Merkl found the following: **"[f]ollowing *ex parte*, *in camera* review of limited documents provided by Mr. Maione, the Court finds that Mr. Maione may have an actual conflict with his continued representation of Plaintiff."** (sic, Plaintiffs).

11. The Court also directed Plaintiff to file a motion to substitute counsel.

### The Conflict

12. The Plaintiff, Adeline Long, presently is in the throes of a very acrimonious divorce from her husband, Hui Wang ("Ivan Wang").

13. Recently, in connection with preparing for a hearing in that divorce proceeding, Adeline uncovered a number of documents ("Documents") which she believes represent a far greater, and different relationship which existed, unbeknownst to her, between her husband and the defendant, Peter Zhuang; a relationship certainly other than was pleaded in the Complaint or the Amended Complaint, the nature of which she believes would entitle her to bring her soon-to-be former husband into this matter as a defendant, and a member of the pleaded criminal enterprise. At the very least, it would allow her to compel her husband to appear for a deposition, as what would be an adverse and hostile witness, or a subpoenaed witness at trial in order to prove the fraud of the named defendants.

14. On June 18, 2024, those Documents were presented to Magistrate Merkl *in camera* and on which Magistrate Merkl opined that the undersigned may have an actual conflict of interest.

15. Because of the presentation of these Documents, and Adeline's desire to include her husband as a defendant, the undersigned is confronted with a professional ethical problem by which the Plaintiff should not be saddled.

**<u>Relationship with Husband</u>**

16. For example, over the last eleven or so years, and up until approximately seven months ago or so, I have represented Mr. Wang, personally, or a number of his companies, in various matters, including litigation, in which he has a financial interest, and in some cases the Plaintiff and Mr. Wang together in certain matters.

17. However, and more importantly, Mr. Wang assisted Ms. Long and myself in drafting the fact pattern section of both the Complaint, and to some degree the Amended Complaint.

18. To be clear, had I been aware of the relationship of Mr. Wang and Defendant Zhuang, at least as appears manifested by the Documents presented to me and, in turn, by me to Magistrate Merkl on June 18th, I never would have allowed Mr. Wang to participate to any degree in consulting the facts as pleaded, nor would I have even have discussed the matter with him in any respect.

19. Based on what these Documents clearly appear to show, Mr. Wang's participation completely tainted the process and his relationship with Zhuang should have been disclosed to his wife, if not the undersigned.

20. Without disclosing the details of the Documents presented to Magistrate Merkl, since they were presented *in camera* for a reason and, therefore, not disclosed to Zhuang's counsel at the hearing on June 18th, it appears on their face that Mr. Wang and Defendant Zhuang actually were engaged in business together at most pertinent times herein; a disclosure of this kind by Mr. Wang would have had far reaching consequences given the nature of the

apparent relationship with Peter Zhuang, a fact not disclosed to the undersigned, but which certainly would have had obvious implications had they been as I am sure the Court would agree?

21. As represented to Magistrate Merkl, pursuant to the Lawyer's Code of Professional Responsibility and, particularly, Rule 1.7 (comment 9), Rule 1.9, and Rule 3.7 (b) (2), the undersigned would be conflicted in following my client's wishes to name her husband, my former client, as a defendant, or to even examine him as a witness in a deposition or at trial. [1]

22. My inability to follow her wishes in turn would hamstring her attempt to gain redress for having been bilked out of over $800,000.00 which she never would have parted with had she been fully apprised of the relationship her husband had with Mr. Zhuang as at least appears from these Documents.

23. Consequently, it would represent a serious potential conflict of interest for me to even entertain attempting to amend the pleadings once again to include Mr. Wang as a defendant, or arguing why I thought that should be the case.

24. Further, it would present some equally, and perhaps more serious issues in any examination of Mr. Wang, either as a deposition or trial witness as he was, to a fair extent, previously consulted on certain facts when the Complaint and to some degree on the Amended Complaint in this matter were drafted and from conversations had with him in the presence of his wife; I believe I need not go into detail about the kind of problems presented for me in examining him.

---

[1] **For example, an examination of Mr. Wang by me would be thwarted if, for example, he were being questioned on an issue and I was aware of information only obtained as a result of our attorney-client relationship which would now serve to impeach his testimony but which I would be ethically precluded from using in the examination. Or, of which I was aware to be untrue merely from positions taken on his behalf in other matters.**

25. Moreover, I am entirely unsure about how these past relationships might hamstring me from making certain arguments even in opposition to a Motion addressed to the pleadings now that I was presented with this information (i.e., the Documents)?

26. What is apparent, however, is that this Plaintiff has been thwarted by the circumstances in being allowed to set forth the best case she can for why these defendants are liable under the RICO statute, including the circumstances which naturally involve her reposing confidences in her husband.

27. I have discussed with Ms. Long the option of securing substitute counsel to consider whether her husband should be a defendant in this matter, *as she insists*, and how to proceed to bring him into the action.

28. I also discussed with her why I cannot be the lawyer to do that on her behalf.

29. Consequently, Adeline has been actively been interviewing law firms to enter the foray as new counsel on her behalf, and as recently as a few days ago I was consulted by one firm which seemed interested in handling the matter, on the status of the action, and other related matters involving Peter Zhuang, so that new counsel can properly assess the amount of the activity necessary to represent Adeline, how they would deal with the present Motion to Dismiss, and to evaluate their role going forward.

30. Given both the nuances and intricacies of this matter, and the inability of the undersigned to go forward, Adeline has advised me that she will be able to commit to substitute counsel, with the Court's permission, in sixty days from even date.

**Manifest Injustice to Plaintiff**

31. Given that the extant Amended Complaint, presently the subject of a Motion to Dismiss, albeit on a read and report basis, may suffer from infirmities for no fault whatsoever of the

Plaintiff or counsel by the fact that the relationship of her husband and Peter Zhuang was withheld, coupled with the long-standing philosophy of both the United States Court of Appeals for the Second Circuit, as well as the U.S. Supreme Court to grant leave freely to amend pleadings, [2] it would be a manifest injustice for the Court not to allow Ms. Long to obtain new counsel and to allow counsel to either amend the pleadings to reflect what Ms. Long has presented as new facts which were unknown, or to challenge any findings on a read and report which do not consider the situation raised by the presentation of the Documents, as well as the information withheld from Adeline earlier, and which now fleshed out in an amended pleading likely will further establish her claims.

**WHEREFORE**, Plaintiffs respectfully request that present counsel be allowed to withdraw as counsel of record, and that Ms. Long be given sixty (60) days to substitute new counsel of record.

Dated: July 23, 2024
N.Y. N.Y.

*Louis J. Maione*

Louis J. Maione

---

[2] **Please see** *Johnson v. City of Shelby*, **574 U.S. 10, 11 (2014) and** *In the Matter of Bensch v. Estate of Ahmed Umar and Waikiki Watercraft, LLC,* **Docket No. 20-2268 (2d Cir. June 23, 2021)**